IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KAYDE WHIPPLE,<br><br>              Plaintiff,<br><br>vs.<br><br>RUSSELL D. HILL, ANGELA S. HILL, and KURTIS HILL,<br><br>              Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 2:11-CV-474-TC |

Plaintiff Kayde Whipple filed a Motion for Partial Summary Judgment (Dkt. No. 41) under Rule 56(a) of the Federal Rules of Civil Procedure. Mr. Whipple moves for dismissal of Defendants' affirmative defense, in which the Defendants argue that Mr. Whipple may only seek relief under the Utah Workers' Compensation statute. Mr. Whipple contends that this statute does not apply because Defendant Kurtis Hill was not in the course and scope of his employment when the accident, which is the subject of this lawsuit, occurred. For the following reasons, Mr. Whipple's Motion for Partial Summary Judgment is GRANTED.

BACKGROUND

In June 2010, Mr. Whipple and Mr. Hill worked for Designer Landscaping and Kurb as laborers. Jared Johnson, the owner of the landscaping company, instructed a crew of employees, including Mr. Whipple and Mr. Hill, to go to Delta, Utah to do some landscaping work on a

church.  Mr. Johnson did not pay the crew for the time spent traveling to the job.

On the morning of the accident, the laborers met at Mr. Johnson's home.  Mr. Hill testified that they loaded a weed whacker and a lawn mower into Mr. Johnson's truck.  Mr. Whipple, Mr. Hill, and another coworker named Zach Summerall, traveled to Delta together in a vehicle driven by Mr. Hill.  The car was a personal vehicle owned by Mr. Hill's parents, Russell D. Hill and Angela S. Hill.  Mr. Whipple alleges that the vehicle had a maintenance problem that the owners had not fixed.

The accident occurred just before the crew arrived at Delta.  According to Mr. Hill, an unusual noise came from the car.  Mr. Hill then lost control of the car, causing it to roll over, ejecting Mr. Whipple from the vehicle.  As a result of the accident, Mr. Whipple suffered serious physical injuries to his head, neck, back, and other parts of his body.  Mr. Whipple has brought this negligence action against Mr. Hill's parents, alleging that as owners of the car involved in the accident, they breached their duty to keep the car in good running order.  Mr. Whipple also asserts a negligence claim against Mr. Hill, contending that he failed to maintain control of the vehicle and that he drove the car even though he had notice that it was malfunctioning.

Defendants argue that the Utah Workers' Compensation statute provides the exclusive remedy for Mr. Whipple and that this lawsuit should be dismissed.  But Mr. Whipple contends that the statute is inapplicable because Mr. Hill was not within the course and scope of employment at the time of the accident.

## ANALYSIS

The Workers' Compensation Act (the "Act") provides that an employee who is injured in the course of the employee's employment shall be paid compensation for the loss sustained.

Utah Code Ann. § 34A-2-401(1). The Act includes an exclusive remedy provision:

> The right to recover compensation pursuant to this chapter for injuries sustained by an employee . . . shall be the exclusive remedy against the employer . . . and the liabilities of the employer imposed by this chapter shall be in place of any and all other civil liability whatsoever, at common law or otherwise, to the employee . . . on account of any accident or injury or death, in any way contracted, sustained, aggravated, or incurred by the employee in the course of or because of or arising out of the employee's employment, and no action at law may be maintained against an employer . . . based upon any accident, injury, or death of an employee.

Utah Code Ann. § 34A-2-105(1); Helf v. Chevron U.S.A., Inc., 203 P.3d 962, 968 (Utah 2009). Because the Act only provides coverage for work-related injuries, an employee is not bound by the exclusive remedy limitation if the employee's injury does not arise out of or during the course of employment. See Smith v. Am. Exp. Travel-Related Servs., 765 F. Supp. 1061, 1063 (D. Utah 1991). But if Mr. Hill was acting within the scope of employment at the time of the accident, the exclusive remedy limitation will bar Mr. Whipple from seeking damages from Defendants.

Whether the injury at issue in a workers' compensation claim "arises out of or within the scope of employment depends upon the particular facts of each case." Jex v. Labor Comm'n, 275 P.3d 1078, 1084 (Utah Ct. App. 2012) (quoting State Tax Comm'n v. Indus. Comm'n of Utah, 685 P.2d 1051, 1053 (Utah 1984)). Injuries are deemed to arise out of the scope of employment when there is a "causal relationship" between the injury and the employment. Commercial Carriers v. Indus. Comm'n of Utah, 888 P.2d 707, 712 (Utah Ct. App. 1994) (quoting M & K Corp. v. Indus. Comm'n, 189 P.2d 132, 134 (Utah 1948)). Additionally, an injury arises during the course of employment if it occurs within the "time, place and circumstances" of the employment. Id. (quoting Walls v. Indus. Comm'n, 857 P.2d 964, 967

(Utah Ct. App. 1993)).

Generally, injuries sustained by employees going to or from work are not compensable under workers' compensation statutes. See Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469 (1947); Voehl v. Indemnity Ins. Co., 288 U.S. 162 (1933); Smith, 765 F. Supp. at 1064. Injuries sustained by an employee "while traveling to and from the place of employment do not arise out of and in the course of employment and are, therefore, not covered by workers' compensation." Jex, 275 P.3d at 1982 (quoting VanLeeuwen v. Indus. Comm'n of Utah, 901 P.2d 281, 284 (Utah Ct. App. 1995)). Such injuries arise as a consequence of risks and hazards "to which all members of the traveling public are subject rather than risks and hazards having to do with . . . work or business of the employer." Drake v. Indus. Comm'n of Utah, 939 P.2d 177, 182 (Utah 1997).

But there are certain exceptions to the "going and coming" rule, including:

where transportation was furnished by the employer to the benefit of the employer; where the employer requires the employee to use a vehicle as an instrumentality of the business; where the employee is injured while upon a 'special errand' or 'special mission' for the employer; where ingress and egress at the place of employment are inherently dangerous; and where the employee combined pleasure and business on a trip, and the business part predominated.

VanLeeuwen, 901 P.2d at 284 (quoting State Tax Comm'n, 685 P.2d at 1053 (citations omitted)). Relevant factors that courts consider when applying one of the above exceptions include control and benefit to the employer. See Whitehead v. Variable Annuity Life Ins. Co., 801 P.2d 934, 937 (Utah 1989) ("The major focus in determining whether or not the [going and coming rule] should apply in a given case is on the benefit the employer receives and his control over the conduct"). Where an employee engages in conduct benefitting or controlled by the

4

employer, the benefit and control can be weighed against the nature of the trip in order to determine liability.  Ahlstrom v. Salt Lake City Corp., 73 P.3d 315, 318 (Utah 2003).

    Defendants contend that the special errand exception applies in this case.  A special errand occurs "when the employee engages in a special activity which is within the course of his employment, and which is reasonably undertaken at the request or invitation of the employer." Drake, 939 P.2d at 183 (quoting Dimmig v. Workmen's Comp. Appeals Bd., 495 P.2d 433, 439 (Cal. 1972)).  The Defendants argue that Mr. Hill's transportation of himself and his coworkers to the job site was a special activity that was undertaken at the request of his employer, Mr. Johnson.  (Defs.' Opp., at 2, 4, Dkt. No. 43.)

    In support of this argument, Defendants point to the deposition testimony of Mr. Hill and his mother, Angela Hill.  Mr. Hill testified, "The day before [the accident], as we finished up work, my boss, Jared, came to me.  And he wanted to go to his son's motocross race the day after.  So he asked me if I would drive the guys up so he could go to his son's race afterwards." (Id. Ex. A at 3.)  Angela Hill corroborates this account: "[Mr. Johnson] said 'I'm the one who asked him to drive.'"  (Id. Ex. B at 5.)  She further testified in her deposition, "The only other thing I asked Kurtis was if Jared was going to pay for gas and he told me, 'he said that he would.' That was my only other concern."  (Id. at 3.)

    But these statements are out-of-court statements used to prove the truth of what Mr. Johnson allegedly said and constitute inadmissible hearsay.  See Fed. R. Evid. 801(c) and 802. Rule 56 of the Federal Rules of Civil Procedure "precludes the use of inadmissible hearsay testimony in depositions submitted in support of, or in opposition to, summary judgment."  Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1555 (10th Cir. 1995).  As a result, these statements cannot

be used to support the Defendants' argument.

In addition, Defendants can only present weak speculation that Mr. Johnson reimbursed Mr. Hill for gas and mileage whenever Mr. Hill drove to and from work. Angela Hill testified that she knew Mr. Johnson paid for Mr. Hill's gas because she helped her son with his checkbook, and that money was not going out of his account for gas, but that the car was coming back with gas in it. But this statement cannot, by itself, show that Mr. Johnson was paying for gas. It is just as likely that Mr. Hill's fellow carpooling employees were paying for gas, or that Mr. Hill did not drive the car often or far enough to incur gas deficits, both possibilities to which Mr. Whipple and Mr. Johnson testified. This scintilla of evidence is not enough to overcome Plaintiff's motion for partial summary judgment.[1]

Even if the court were to entertain the possibility that the contents of the hearsay statements were admissible, the court finds that the special errand exception does not apply to these facts and that Mr. Hill was not acting within the scope of employment. Instead, the accident occurred squarely within the ambit of the going and coming rule.

Where courts have found that the special errand exception applies, they focus on the benefit gained by the employer and the ways in which the trip is distinct from a normal commute. For example, the Utah Supreme Court determined that an employee's travel to an out-of-town

---

[1] The litigant must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful. Conaway v. Smith, 853 F.2d 789, 793-94 (10th Cir. 1988) (citing Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir.1980)); see also Niagara Mohawk Power Corp. v. Jones Chemical Inc., 315 F.3d 171, 176 (2d Cir. 2003) ("Speculation by a witness as to possibilities that the witness is not in a position absolutely to foreclose is not an admission that creates a genuine dispute of fact concerning an otherwise unequivocal denial").

training session was a special errand because she "embarked on her training program with the knowledge and permission, and at the direction" of her employer and it was a substantial benefit to the employer to have the employee participate in the training. State Tax Comm'n, 685 P.2d at 1054-55. The court noted that other cases dealing with the special errand exception focus on the nature of the journey, including whether it was more onerous, inconvenient and hazardous, and whether it was extraordinary rather than normally incident to employment. Id. at 1055; see Johnson v. Fairbanks Clinic, Alaska, 647 P.2d 592 (Alaska 1982); Schell v. Blue Bell, Inc., 637 P.2d 914 (Okla. Civ. App. 1981).

      Similarly, the court found that an officer's participation in a police department's "Take Home Car Program" took her out of the scope of the going and coming rule because the accident "arose out of and in the course of her employment." Salt Lake City Corp. v. Labor Comm'n, 153 P.3d 179, 184 (Utah 2007). There, the injured officer participated in a city program designed to improve the department's efficiency and community presence. Id. According to the court, the officer's participation in the "Take Home Car Program" conferred significant benefits upon the police department, such as improved care of the police cruiser and increased police presence. In order for the department to reap those benefits, the officer had to drive the vehicle home. Id. at 183-84. The police department therefore "received incidental benefits from [the officer's] travel that were not common to commuter trips by ordinary members of the workforce." Id. at 184.

      The Utah Court of Appeals found that the special errand exception did not apply to the facts of Jex v. Labor Commission. 275 P.3d 1078, 1087 (Utah Ct. App. 2012). In that case, Layne Jex sought judicial review of the Labor Commission's denial of workers' compensation benefits to him after he was injured while driving his personal vehicle from his workplace. Id. at

1083.  At the time of the accident, Mr. Jex had been working on a job in Cedar City, Utah.  Id. at 1080.  The plaintiff's employer provided limited shuttle transportation to Cedar City in the supervisor's truck on a first-come, first-serve basis, but employees were otherwise responsible for their own travel and gasoline expenses.  Id.  Mr. Jex sometimes rode in the company shuttle, but he preferred driving his own truck.  Id.  On occasion, Mr. Jex's supervisor asked Mr. Jex to wait for a chronically-late employee to give him a ride to the job site.  Id.  On the day of the accident, Mr. Jex's employer requested that Mr. Jex drive a fellow employee home at the end of the day.  Id. at 1081.  On the way from Cedar City to St. George, Mr. Jex and the employee got into an accident.  Id.

The court of appeals found that Mr. Jex's trip was not a special errand and bestowed no incidental benefits that were not common to commuter trips.  Id. at 1087.  In the absence of a showing that the employer made more regular demands on Mr. Jex's vehicle or received and acquiesced in a more pervasive benefit from its use than occurred, the court found that Mr. Jex's use of his vehicle and his transport of a coworker were not enough to place him within the scope of employment.  Id.

The holding in Jex applies to the facts of this case.  The primary benefit to Mr. Johnson in having his employees drive separately to Delta was their arrival at work.  But mere arrival at work is not considered a substantial benefit to the employer.  VanLeeuwen, 901 P.2d at 285.  And the fact that Mr. Johnson intended to go to a race following the landscaping job does not mean that Mr. Hill's use of a personal vehicle created a separate benefit.  If anything, driving separately created a greater benefit for the employees.  By driving themselves, the employees could return home when the job was finished, rather than wait for Mr. Johnson to return to the

church when the race was over.  Additionally, Mr. Hill's transportation of the other employees was not required by Mr. Johnson, as they could have driven in their own personal vehicles.

Because it was a routine commute and conferred no substantial benefit on the employer, the trip during which the accident occurred fell squarely within the scope of the going and coming rule.  The employees were going to do work on a project that had been ongoing for a year.  (Undisputed Facts ¶ 15, Dkt. No. 42.)  And since the employees had been to the church site before, nothing about the drive was extraordinary or onerous.

Mr. Hill was not acting within the scope of his employment at time of the accident, and the exclusive remedy provision of Utah's Workers' Compensation Act does not apply.

## CONCLUSION

For the foregoing reasons, Mr. Whipple's Motion for Partial Summary Judgment (Dkt. No. 41) is  GRANTED.

SO ORDERED this 9th day of July, 2012.

                BY THE COURT:

                _____
                TENA CAMPBELL
                United States District Judge